IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OMAR ROSALES, | § § | |
| Plaintiff | § § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-1070 OLG |
| | § § | |
| CONCENTRA OPERATING CORPORATION, | § § § | |
| Defendant | § § | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Concentra Operating Corporation, respectfully moves that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing and thus cannot invoke this Court's subject matter jurisdiction over his claims under Title III of the Americans with Disabilities Act ("ADA").

### I. INTRODUCTION

This lawsuit follows Plaintiff's demand that Defendant, a San Antonio medical practice, either pay him $2,000 or face a suit. Not having been paid off, Plaintiff sued, claiming that Defendant's web site is inaccessible and violates the ADA and Texas law. However, Plaintiff does not allege he suffers from any disabilities that make the site inaccessible to him. In short, Plaintiff pleads no facts -- and none exist -- showing that the web site has caused Plaintiff, who does not claim to have a disability that affects his ability to use the site, any harm, injury or damage. He therefore lacks standing to bring this action.

## II.  BACKGROUND INFORMATION REGARDING PLAINTIFF

As it considers this Motion challenging Plaintiff's standing, the Court may find it relevant that the Plaintiff in this case, acting as counsel for a man named Deutsch, has filed approximately four hundred ADA lawsuits against small businesses in the Austin Division of this Court. In these cases, Mr. Rosales alleged on behalf of Mr. Deutsch claims asserting lack of adequate accommodation for the disabled at hundreds of business locations. A number of the businesses filed motions to dismiss based on the plaintiffs' lack of standing.

Several of these cases were consolidated for hearing before U.S. Magistrate Judge Andrew Austin. Thereafter, Judge Austin issued Recommendations to the effect that the claims should be dismissed. *Deutsch v. Travis Cnty. Shoe Hospital, Inc.*, 2016 U.S. Dist. LEXIS 129335 (W.D. Tex., Sept. 21, 2016); *Deutsch v. Paul Bo Yu, et al.*, 2016 U.S. Dist. LEXIS 129334 (W.D. Tex., Sept. 21, 2016). In so doing, Judge Austin noted that, as Deutsch's lawyer, Mr. Rosales gave him a list of locations that he thought were not compliant with the ADA and sent Mr. Deutsch to them. *Deutsch v. Travis Cnty. Shoe Hospital, Inc.*, at 17-18; *Deutsch v. Paul Bo Yu, et al.*, at 17-18. Mr. Deutsch, who had little or no prior contact with these businesses, then generally drove past them in an effort to become a plaintiff. *Deutsch v. Travis Cnty. Shoe Hospital, Inc.*, at 20-22; *Deutsch v. Paul Bo Yu, et al.*, at 20-22. Given these facts, Judge Austin decided that Mr. Deutsch had suffered no injury in fact and thus had no standing.

This suit presents another clear example of Mr. Rosales' assertion of a claim by a plaintiff who lacks standing. Here representing himself, Mr. Rosales claims that the web site of a San Antonio medical clinic violates the ADA. Mr. Rosales has an address in Austin, not San Antonio, does not claim to be a patient of Defendant's medical practice, and does not claim that he has sought or attempted to seek care from Defendant. Any such claim would be hard to credit, in any event,

since it is unlikely that Plaintiff would utilize a medical clinic in San Antonio rather than a comparable clinic in Austin. Moreover, not content to burden Austin businesses with nuisance litigation, Plaintiff brings his plan to the San Antonio area, as on the same day that this suit was filed, Plaintiff brought an action against another medical practices website – a clinic in Boerne, Texas thirty miles away from Defendant's office. *Rosales v. Hill Country Health Management, LLC, et. al.*, Civil Action No. 5:16-CV-1071 (W.D. Tex., Oct. 27, 2016).

In short, this case, like the four hundred suits filed in the Austin Division of this Court by the Plaintiff and the suit against the web site of a Boerne med clinic, is an effort to "shake down" Defendant with nuisance litigation over an alleged violation of web site accessibility <u>principles</u> that pertain to vision or the ability to view the site (Exhibit 1 to Plaintiff's Complaint) and, thus, are unrelated to Plaintiff's alleged mobility or hand disabilities.  These principles are not laws -- no regulations regarding web site accessibility have been adopted by the federal government and none will exist for some time.[1]

In summary, Plaintiff alleges no facts sufficient to carry his burden to establish that he -- an individual who fails to plead any disability that renders Defendant's web site inaccessible to him -- has suffered any bona fide injury or harm that would give him standing to bring this suit over alleged web site design deficiencies. Since Plaintiff lacks standing to bring this suit, the Court, under established Supreme Court authority, should dismiss this case due to a lack of subject matter jurisdiction.

### III.    BACKGROUND FACTS AND PLAINTIFF'S COMPLAINT

---

[1] No regulations have been put into effect. The Department of Justice announced that it expected to issue a proposed rule under Title III of the ADA, which covers state and local government entities– in fiscal year 2016. The DOJ stated it plans to use the information it learns from the notice and comment period on that proposed rule to draft private-sector regulations under Title III in fiscal year 2018. Based on the DOJ's projected timeline, it will not issue regulations until well after a new administration takes office in January 2017.  *U.S. DOJ Statement of Regulatory Priorities* (Fall 2015) at http://www.reginfo.gov/public/jsp/eAgenda/StaticContent/201510/Statement_1100.html

Plaintiff's Complaint alleges that Defendant operates a medical clinic in downtown San Antonio. The clinic primarily provides urgent care, treatment for occupational injuries, and physical therapy. The Concentra web site -- www.concentra.com -- like many web sites, essentially is an electronic advertisement of its medical services, and provides basic information about its location and services. The site also lists items patients should bring to an appointment, permits access to patient information forms that can be completed and brought with the patient to an appointment, and permits online payment.

In his Complaint, Mr. Rosales alleges that he has (1) a disabled placard for his vehicle, (2) "a mobility impairment," and (3) unspecified limitations in his hands. However, the Complaint does not assert any relationship between his alleged disability and any aspects of Defendant's web site that make it inaccessible to him. In other words, the Complaint does not state facts explaining how alleged deficiencies in the site combined with Plaintiff's claimed mobility and hand impairment prevented or limited his ability to use the web site or to gain access to Defendant's medical services.[2]

The Complaint also does not allege that Rosales is a patient or seeks to become a Concentra patient, much less that the web site somehow kept him from obtaining medical services seventy five miles from his address -- an incongruous concept given the existence of comparable clinics in Austin. Instead of facts stating that he was personally aggrieved or suffered bona fide injury resulting from the web site, the Complaint simply makes the conclusory allegation that he experienced "discomfort" and "difficulty" using the website. Tellingly, the Complaint lacks any

---

[2] Defendant refers the Court to a video report published by KXAN News in Austin that shows Plaintiff walking from a building without apparent difficulty or impairment: http://kxan.com/2016/05/16/congressman-proposes-bill-to-combat-ada-abuse/  (Another news report detailing Plaintiff's scheme may be found at http://www.kvue.com/news/local/local-disability-awareness-groups-warn-of-attorneys-questionable-lawsuits/317509485).

allegation of an injury that is "concrete and particularized" or "actual or imminent," as opposed to "speculative" or "hypothetical."

### IV.   LAW & ARGUMENT

**A.   Title III of The ADA**

Title III of the ADA provides: "No individual shall be discriminated against on the basis of Disability in the full and equal enjoyment of the goods and services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182 (a).[3]

**B.  Standing**

As Judge Austin recognized in his decision recommending dismissal of a number of Mr. Rosales' ADA suits against Austin-area small businesses, federal courts have limited subject matter jurisdiction. *Deutsch v. Travis Cnty. Shoe Hospital, Inc.*, 2016 U.S. Dist. LEXIS 129335 (W.D. Tex., Sept. 21, 2016); *Deutsch v. Paul Bo Yu, et al.*, 2016 U.S. Dist. LEXIS 129334 (W.D. Tex., Sept. 21, 2016). The federal courts can only adjudicate cases that are within the judicial power

---

[3] While this Motion is limited to the issue of standing for subject matter jurisdiction, several federal courts have concluded that Title III does not apply to various websites. *See, e.g.*, *Jancik v. Redbox Automated Retail, LLC*, No. SACV 13-1387-DOC (RNBx), 2014 U.S. Dist. LEXIS 67223, 2014 WL 1920751, at *8-9 (C.D. Cal. May 14, 2014) (website was not a place of public accommodation because it was not a physical place and there was not a sufficient nexus between the website and physical kiosks); *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012) (websites are not places of public accommodation because they are not physical places); *Ouellette v. Viacom*, No. CV 10-133-M-DWM-JCL, 2011 U.S. Dist. LEXIS 52570, 2011 WL 1882780, at *4-5 (D. Mont. Mar. 31, 2011) (website by itself is not a physical place and the plaintiff did not allege a sufficient connection between the website and a physical structure); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1114-16 (N.D. Cal. 2011) (explaining that a website is not a physical structure and plaintiff had not alleged a sufficient nexus to a physical place of public accommodation); *Earll v. eBay, Inc*., No. 5:11-cv-00262-JF (HRL), 2011 U.S. Dist. LEXIS 100360, 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011) (noting that places of public accommodation are limited to physical places); *see also National Fed'n of the Blind v. Target Corp*., 452 F. Supp. 2d 946, 954 (N.D. Cal. 2006) (holding plaintiffs had alleged sufficient facts to state a claim because the website was heavily integrated with brick-and-mortar stores and operated as a gateway to the stores); *Access Now, Inc. v. Southwest Airlines, Co*., 227 F. Supp. 2d 1312, 1319-21 (S.D. Fla. 2002) (rejecting the application of Title III to a website because it was not a physical location nor a means of accessing a concrete space).

conferred by Article III of the Constitution and a statutory grant of subject matter jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331. 13D C. Wright, A. Miller, E. Cooper & R. Freer, *Federal Practice and Procedure*, § 3567 (3d ed. 2008).

Subject matter jurisdiction includes the "irreducible constitutional minimum of standing," to litigate the matter, which has three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant[s], and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Bennett v. Spear,* 520 U.S. 154, 167 (1992); *Cox v. City of Dallas, Tex.,* 256 F.3d 281, 303 (5th Cir. 2001); *Cibolo Waste, Inc. v. City of San Antonio,* 718 F. 3d 469, 473 (5th Cir. 2013). None of these conditions is met in the instant case.

Standing, as a component of subject matter jurisdiction, must be found before the merits of a case can be addressed by a court. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93-102 (1998); *Cox*, 256 F. 3d at 303. The party seeking to invoke the court's jurisdiction bears the burden of pleading sufficient facts to show the three standing elements discussed above, thereby establishing that he is the proper party to invoke judicial resolution of his suit. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled on other grounds, City of Littleton v. Z.J. Gifts D-4, LLC,* 541 U.S. 774 (2004); *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F. 3d 205, 208 (5th Cir. 1994).

Standing encompasses "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin,* 422 U.S. 422 U.S. 490, 498 (1975). Even if the plaintiff establishes constitutional standing, the court may consider if he demonstrates prudential

standing. *Cibolo Waste,* 718 F.3d at 474 and n.4 ("[P]rudential standing, while not jurisdictional, nonetheless affects justiciability."). Prudential standing requirements are judicially created limits that "encompass the general prohibition on a litigant raising another person's legal rights, the rule barring adjudication of grievances more appropriately addressed in the representative branches, and a requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.* 702 F.3d 794, 801 (5th Cir. 2012), quoting *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12 (2004); *Nat'l Solid Waste Management Ass'n v. Pine Belt Regional Solid Waste Management Authority,* 389 F. 3d 491, 498-99 (5th Cir. 2004).

Moreover, where, as here, a plaintiff seeks declaratory and injunctive relief, the plaintiff also must plead and prove a significant possibility of future harm. It is insufficient to demonstrate only past injury. *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Further, courts commonly require that a plaintiff seeking injunctive relief under Title III establish standing by alleging a concrete, particularized, and plausible plan to patronize or return to the out-of-compliance public accommodation that discriminated.

The Fifth Circuit has recognized that, to give rise to standing to assert a claim for injunctive relief, "a plaintiff must show that there is a reason to believe that <u>he would directly benefit from the equitable relief sought</u> . . . . In other words, a plaintiff must face a threat of present or future harm." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citation omitted; emphasis supplied). Factors such as (1) proximity of plaintiff to defendant's business, (2) past patronage, (3) the frequency of travel near the alleged non-compliant location, and (4) definiteness of plaintiff's plans to frequent the location and when are all considered in evaluating whether there is sufficient specific injury in fact to confer standing. *Davis v. First Nat'l Bank of Trenton*, No. 4:12-CV-396,

2012 U.S. Dist. LEXIS 187133, 2012 WL 7801707, at *8 (E.D. Tex. Dec. 2012), citing *Access 4 All, Inc. v. Wintergreen Commercial Partnership, Ltd.,* No. Civ. A. 3:05-CV-1307-G, 2005 U.S. Dist. LEXIS 26935, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005) ("[S]omeday intentions' – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require.") (*quoting Lujan, 504 U.S. at 564); Hunter v. Branch Banking and Trust Co. ("Hunter II"),* Civ. A. No. 12-CV-2437-D, 2013 U.S. Dist. LEXIS 113102, 2013 WL 4052411, at *2, 4 (N.D. Tex. Aug. 12, 2013) ("[W]hat constitutes a sufficiently concrete plan to return must be evaluated in context. For example, where the allegedly infringing site is many miles away or requires reservations, it is reasonable to require more than a statement that the plaintiff intends to return [or in this case, patronize] in the future. . .") See also *Cortez v. National Basketball Association*, 960 F. Supp. 113, 117-18 (W.D. Tex. 1997) (finding that a plaintiff lacked standing because she failed to allege that she intended to return to defendant's events in the future). In general, courts have concluded that distances of more than 50-100 miles (as in this case) are not sufficiently proximate for standing. *Reviello v. Phila. Fed. Credit Union*, Civ. A. No. 12-5-8, 2012 U.S. Dist. LEXIS 83449, at *14 (E.D. Pa., June 14, 2012).

Courts frequently dismiss ADA cases in which the plaintiff offers only vague allegations or testimony about a future plan to visit the defendant's property. *See, e.g., Shotz v. Cates,* 256 F.3d 1077, 1082 (11th Cir. 2001). Post-suit efforts to bolster standing are irrelevant, because the court must determine standing based on the facts at the time the suit is filed. *See Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, 2005 WL 2989307 at *3 (N.D. Tex., Nov. 7, 2005). *See also Moyer v. Walt Disney World Co.*, 146 F. Supp. 1249, 1253 (M.D. Fl. 2000) (plaintiff's visit to business after complaint was filed did not confer standing); *Brother v. Tiger Partner, LLC*, 331 F.

8

Supp. 2d 1368, 1373 (M.D. Fla. 2004) (that plaintiff made a reservation at defendant's hotel after the complaint was filed was insufficient as standing is determined as of the date the suit is filed).

Application of these legal principles to the Complaint in this case demonstrates that Plaintiff has not approached the showing of standing necessary to establish subject matter jurisdiction. The Complaint does not state facts, only conclusory allegations. There is nothing in the Complaint that suggests that Plaintiff actually has experienced any tangible injury or harm by Defendant's web site, www.concentra.com. Plaintiff does not specify that he is a patient of Defendant's medical clinic or identify concrete plans to become one -- something that would be far-fetched and incongruous in any event given the availability of clinics in Austin and the distance between Austin and San Antonio.

Most importantly, Plaintiff alleges no facts demonstrating that he has been adversely affected by Defendant's web site -- much less tangibly harmed or injured by it. Indeed, the few facts that are alleged undercut such a claim. Plaintiff alleges that he has a mobility impairment and unspecified limitations with his hands. To the extent he notes alleged deficiencies in Defendant's web site in Exhibit 1 to his Complaint, however, these would burden or impact persons with vision disabilities, not those with mobility or hand impairments.  Plaintiff makes no allegation of visual impairment that would impede his ability to use the web site. Moreover, the fact that he was able to view the site, be critical of alleged deficient attributes and print portions of it to use as Exhibit 1 to his Complaint undercuts his claim.

The only alleged injury in fact in Plaintiff's Complaint is the conclusory claim that he experienced "discomfort" and "difficulty" in using the web site. But a conclusory and nebulous allegation such as this is legally insufficient and the Complaint is devoid of any particularized factual averments that support this conclusory allegation.  Such a claim does not satisfy the

requirement of an injury that is "actual" and "imminent", as opposed to "conjectural" and "hypothetical."

### V. CONCLUSION

Plaintiff's Complaint should be dismissed since he is not aggrieved or injured in fact by Defendant's website and, thus, lacks standing to bring or maintain this case. Accordingly, the Defendant's Motion to Dismiss under Rule 12(b)(1) should be granted and Plaintiff's case dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/ Robert A. Rapp*
**ROBERT A. RAPP**
Texas Bar No. 16550850
**THE RAPP LAW FIRM**
12000 Huebner Road, Suite 101
San Antonio, Texas  78230
(210) 224-4664 (telephone)
(210) 224-4642 (facsimile)
robert.rapp@sbcglobal.net
*Attorney for Defendant,*
*Concentra Operating Corporation*

**CERTIFICATE OF CONFERENCE**

Although this is a dispositive motion, Defendant's counsel attempted to confer with Omar Rosales Plaintiff/Counsel prior to the filing of this Motion, but was not successful.

*/s/ Robert A. Rapp*
**ROBERT A. RAPP**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Robert A. Rapp*
**ROBERT A. RAPP**
